■ In the Matter of TALLIFERO RHODES, Respondent. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent; GEORGE BIGGS, JR., et al., Appellants. [609 NYS2d 612] —

Judgment, Supreme Court, New York County (Stuart C. Cohen, J.), entered on or about May 27, 1993, which, after a hearing, denied the petition seeking permission to commence an action against respondent Motor Vehicle Accident Indemnification Corporation (MVAIC), and adjudged that the vehicle which struck petitioner was owned by additional respondent Biggs, affirmed, without costs.

Petitioner brought this petition for leave to sue MVAIC, or for a determination that he was struck by a vehicle belonging to additional respondent Biggs, and insured by additional respondent Liberty. The court properly received in evidence the police report reciting that petitioner had reported the offending vehicle as bearing the license plate number of the vehicle owned and insured by the additional respondents. We agree with the dissent that the statement contained in the police report is not admissible as a declaration against interest or under the business record exception. However, it did constitute an admission, inconsistent with the allegations of the petition against MVAIC *(Reed v McCord,* 160 NY 330; Richardson, Evidence §§ 209, 214 [Prince 10th ed]). The weight to be given to petitioner's denial that he made the statement was a matter for the trier of fact *(Gangi v Fradus,* 227 NY 452). However, given petitioner's failure to call essential witnesses, and his ambivalent responses regarding attempts to locate the friend who was allegedly the source of the utterance, the court was entitled to credit the evidence on its face.

The declaration that the offending vehicle was owned by additional respondent Biggs was responsive to the issues pleaded and presented to the court for determination. Concur —Murphy, P. J., Rosenberger, Asch and Williams, JJ.

Wallach, J., dissents in a memo as follows: Petitioner, claiming to be the victim of a hit-and-run accident, sought to commence this action against the Motor Vehicle Accident Indemnification Corporation (MVAIC). Identification of an offending vehicle would preclude any recovery against MVAIC.

The only evidence cited to sustain the IAS Court's dismissal of the action was a police accident report, entirely incompetent for the purpose offered, which identified the offending vehicle as belonging to additional respondent Biggs, and insured by additional respondent Liberty Mutual. That identification reference was hearsay, and should have been ruled inadmissible as evidence.

At the outset, we note the additional respondents' averment

that the Biggs vehicle had been laid up in repair at the time of this incident. Furthermore, the police report is so full of inaccuracies that it presents a classic illustration of the unreliability of multiple-level hearsay.

The report states that petitioner was a "pedestrian" at the time and place of the incident, whereas petitioner testified that he was riding his bicycle at the time. The report further reflects petitioner as the source of identification of the offending vehicle's license plate number, but petitioner testified that he never saw the car well enough to give more than a vague description, let alone a license plate number; and furthermore, he never spoke to the police, either at the scene or thereafter. This was partially corroborated by a witness (Finley) who had come along just after the incident and taken petitioner home. Finley had also been unable to see the license plate or to recollect more than a vague description of the vehicle as it sped off. Petitioner testified that the police arrived at his home just as the ambulance was taking him away to the hospital. Finley testified that he observed the police thereafter taking notes while interviewing petitioner's father. Petitioner opined that the police had obtained a license plate number from his father (who was not a witness to the incident), who in turn had obtained it from an acquaintance of petitioner's, named Roosevelt, who was at the scene. Neither Roosevelt nor petitioner's father was called to testify in this action. (Perhaps equally important, neither one is mentioned in the police accident report.)

In light of the testimony of petitioner and Finley, the police report is nothing more than the final link in a chain of hearsay statements, to which no recognized admissibility exceptions apply. Even if the identification had emanated from petitioner, it would be inadmissible. It certainly could not qualify as a declaration against interest, since it cannot be established that the declaration would have been against petitioner's interest when uttered *(Ellis v Allstate Ins. Co.,* 97 AD2d 970), and in any event petitioner was not unavailable to testify *(People v Davis,* 122 AD2d 889, 890). Nor could it be considered under the business records exception. A report is admissible as an ordinary business record if it is prepared in the regular course of business. A record of casual or voluntary communications does not meet that definition *(Johnson v Lutz,* 253 NY 124, 128). A policeman filing an accident report may be under a duty to record the information, but equally important, the informant must also be duty-bound to supply that information *(Murray v Donlan,* 77 AD2d 337, 344-346). If the

policeman recording the information was not himself a witness, then the report should only be admissible if the informant was under a business duty to relate the facts, absent any other exception to the hearsay rule *(Toll v State of New York,* 32 AD2d 47). Even a party to an accident is under no such obligation *(see, Quaglio v Tomaselli,* 99 AD2d 487).

Since the hearsay statement was decisive of the ultimate issue of fact in this proceeding (i.e., identification of an offending vehicle), its admission constituted prejudicial and reversible error *(Sansevere v United Parcel Serv.,* 181 AD2d 521). The IAS Court erred in ruling that the police report "speak[s] for itself." On the contrary, to the extent that it speaks at all, its speech is totally incompetent.

I would reverse the judgment and grant the petition insofar as it seeks to commence an action against MVAIC.