■ PAUL NEWMAN et al., Respondents, v VIRGINIA VETRANO, Defendant, and AMERICAN HONDA FINANCE CORPORATION, Appellant. [724 NYS2d 414] —Order and judgment (one paper), Supreme Court, New York County (Jose Padilla, J.), entered May 4, 2000, which, upon a jury verdict, awarded plaintiffs damages, unanimously affirmed, without costs.

In this personal injury action arising out of an automobile accident, plaintiff testified at trial that he was driving in the right lane on the highway when he observed a disabled vehicle 350 to 400 feet ahead of him. He testified further that he changed lanes without incident, after taking all the necessary precautions, and was fully in the middle lane and at least 200 feet behind the stationary vehicle before he was struck by a car driven by defendant Vetrano. The court erred in striking the testimony of a state trooper responding to the accident, to the effect that plaintiff told him that he swerved to avoid a disabled vehicle, and in precluding portions of the accident report attributed to plaintiff. This evidence should have been received as an admission contrary to plaintiff's position at trial (*see, Reed v McCord,* 160 NY 330, 341; *Matter of Rhodes,* 203 AD2d 46, 47; Prince, Richardson on Evidence § 8-201 [Farrell 11th ed]). That plaintiff denied making the statement and questioned

the trooper's ability to recall the conversations at issue presented credibility questions that should have been left for the trier of fact (*see, Gangi v Fradus*, 227 NY 452, 457; *Matter of Rhodes, supra*). We find, however, that any error was harmless (*see, Petrosino v Bravo Volunteer Ambulance Corp.*, 225 AD2d 405). It was undisputed that defendant Vetrano was driving at an excessive rate of speed—60 to 65 miles per hour—in a construction zone where the posted speed limit was 45 miles per hour. Moreover, the jury found that plaintiff was negligent, thereby rejecting his claim that he was totally blameless and took all the proper precautions before changing lanes, but nonetheless found that his negligence was not a substantial factor in causing the accident. Furthermore, there was evidence from which the jury could have drawn the inference that defendant was using a cell phone at the time of the accident. It may therefore be reasonably concluded that the evidence that plaintiff swerved to avoid the stationary vehicle would not have changed the verdict.

Appellant's remaining contentions are unpreserved and, in any event, unavailing. Concur—Sullivan, P. J., Nardelli, Williams, Rubin and Marlow, JJ.