■ RUSSELL D. MALONE, Respondent, v JOSE MORILLO et al., Appellants. [775 NYS2d 312]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered March 4, 2003, which, in an action for personal injuries, denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff allegedly sustained personal injuries when his motor vehicle rear-ended defendants' motor vehicle after it abruptly stopped in a light-controlled intersection. Defendants subsequently moved for summary judgment, contending that they were stopped for a red light at the time of the occurrence and plaintiff failed to demonstrate a nonnegligent explanation for the rear-end collision. Plaintiff proffered that defendants' vehicle suddenly stopped in the intersection while the traffic light was yellow. In denying defendants' motion, the IAS court found that plaintiff furnished a nonnegligent reason for the collision; namely that defendants' vehicle stopped suddenly in front of plaintiff's vehicle. We reverse.

It is well settled that "[a] driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account the weather and road conditions" (*Mitchell v Gonzalez*, 269 AD2d 250, 251 [2000]; *Sass v Ambu Trans*, 238 AD2d 570 [1997]; *see also* Vehicle and Traffic Law § 1129 [a]). Regardless of whether defendants were already stopped at the red light, or stopped suddenly in the middle of the intersection while the light was yellow, we find no nonnegligent explanation by plaintiff for striking defendants' vehicle in the rear under the present circumstances. In the instant matter, plaintiff's failure to observe traffic conditions and to maintain a safe stopping distance, particularly on a rainy night, was the sole proximate cause of the subject collision (*see Figueroa v Luna*, 281 AD2d 204 [2001]; *Johnson v Phillips*, 261 AD2d 269, 271 [1999]). Accordingly, the IAS court erred in denying defendants' motion for summary judgment dismissing the complaint. Concur—Nardelli, J.P., Tom, Ellerin, Williams and Lerner, JJ.