EGERTON DAVID et al., Respondents, v NEW YORK CITY BOARD OF EDUCATION et al., Appellants. [797 NYS2d 294]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated May 25, 2004, as granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the rear vehicle, requiring a nonnegligent explanation for the collision (*see Russ v Investech Sec.*, 6 AD3d 602 [2004]; *Reed v New York City Tr. Auth.*, 299 AD2d 330 [2002]; *Argiro v Norfolk Contr. Carrier*, 275 AD2d 384 [2000]). The plaintiffs made out a prima facie case of negligence by establishing that the injured plaintiff slowed down at a yellow traffic light with the intention of coming to a full stop, and the defendant driver, Jonathan Canty, was unable to stop his vehicle in time to avoid coming into contact with the rear of the injured plaintiff's vehicle.

In opposition, the defendants contended that Canty was unable to stop "[g]iven the fact that my van was fully loaded with equipment" and the fact that the injured plaintiff suddenly decided to stop at a yellow light. Their contentions failed to raise a triable issue of fact (*see Malone v Morillo,* 6 AD3d 324 [2004]). Since the defendants' vehicle was "fully loaded," Canty should have taken appropriate precautions, including maintaining a safe distance. H. Miller, J.P., Schmidt, Adams and Goldstein, JJ., concur.