■ Babak Hakakian, Respondent, v Daniel McCabe et al., Appellants. [833 NYS2d 106]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Hart, J.), dated October 27, 2005, which granted the plaintiff's motion for summary judgment.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operator of the moving vehicle and imposes a duty on that operator to come forward with a nonnegligent explanation for the collision (*see Rainford v Sung S. Han*, 18 AD3d 638 [2005]; *Niyazov v Bradford*, 13 AD3d 501 [2004]; *Russ v Investech Sec.*, 6 AD3d 602 [2004]). Here, the plaintiff sustained his burden of establishing a prima facie case of negligence by submitting an affidavit

in which he averred that he came to a complete stop at a yellow traffic light and that his automobile was then struck in the rear by the defendants' vehicle. In opposition, the defendants' explanation that the plaintiff came to a sudden and unanticipated stop, in and of itself was insufficient to raise a triable issue of fact (see *David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]; *Malone v Morillo*, 6 AD3d 324 [2004]). Santucci, J.P., Goldstein, Carni and McCarthy, JJ., concur.