■ BEVERLY HARRINGTON, Appellant, v JOSEPH L. KERN, Respondent. [859 NYS2d 480]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 26, 2008, as denied her renewed motion for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's renewed motion for summary judgment on the issue of liability is granted.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence against the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Klopchin v Masri*, 45 AD3d 737, 737 [2007]; *see e.g. Johnston v Spoto*, 47 AD3d 888 [2008]; *Hakakian v McCabe*, 38 AD3d 493 [2007]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting evidence that she was stopped when the defendant collided with the rear of her vehicle.

In opposition, the defendant failed to raise a triable issue of fact. At his deposition, the defendant testified that there was "stop and go" traffic near the scene of the accident. He further testified that he observed the plaintiff's vehicle come to "a normal stop in normal stop and go traffic" "[a] few seconds" before impact. The defendant applied his brakes when he was three to five feet behind the plaintiff's vehicle and was unable to come to a complete stop behind her. As an explanation for his failure to come to a complete stop, he stated, "It's my opinion that there was a short stop."

Since the defendant acknowledged that there was "stop and go" traffic, he cannot claim that the plaintiff's stop was unanticipated (*see Hakakian v McCabe*, 38 AD3d 493 [2007]; *Malone v Morillo*, 6 AD3d 324 [2004]). He admitted that he saw the plaintiff's vehicle come to a complete stop a few seconds before impact. His opinion that the plaintiff made a "short stop" was insufficient to raise a triable issue of fact (*see Johnston v Spoto*, 47 AD3d 888, 889 [2008]). The defendant was obligated to take "appropriate precautions, including maintaining a safe distance" (*David v New York City Bd. of Educ.*, 19 AD3d 639, 639 [2005]; *see Malone v Morillo*, 6 AD3d 324 [2004]).

In view of the foregoing, the plaintiff was entitled to summary judgment on the issue of liability. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.