■ MEI F. CHEOW et al., Appellants, v CHENG LIN JIN et al., Respondents. [995 NYS2d 185]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (McDonald, J.), entered February 10, 2014, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

On June 3, 2013, a vehicle operated by the defendant Cheng Lin Jin and owned by the defendant Skyliner Travel (hereinafter Skyliner) struck the rear of a vehicle operated by the plaintiff Pow Choo Chung while both vehicles were traveling on Woodhaven Boulevard, at or near its intersection with Wetherole Street, in Queens. As a result of the accident, Pow Choo Chung and the plaintiff Mei F. Cheow, who was a passenger in the vehicle operated by Pow Choo Chung, allegedly were injured.

After commencing this action against Cheng Lin Jin and Skyliner to recover damages for personal injuries, the plaintiffs moved for summary judgment on the issue of liability, asserting that the defendants were solely liable for the accident as a matter of law. The Supreme Court denied the motion. We reverse.

The driver of an automobile is required to maintain a safe distance between his or her own vehicle and the vehicle in front of him or her (*see* Vehicle and Traffic Law § 1129 [a]; *Billis v Tunjian*, 120 AD3d 1168 [2014]; *Byrne v Calogero*, 96 AD3d 704, 705 [2012]; *Fajardo v City of New York*, 95 AD3d 820, 820-821 [2012]; *Zweeres v Materi*, 94 AD3d 1111, 1111 [2012]). A

rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Billis v Tunjian*, 120 AD3d at 1168; *Amador v City of New York*, 120 AD3d 526 [2014]). Once the movant has established his or her entitlement to judgment as a matter of law, the burden shifts to the opposing party to provide sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *Sirot v Troiano*, 66 AD3d 763, 764 [2009]). A bare allegation that the lead vehicle stopped short is insufficient to rebut the inference of negligence on the part of the driver of the following vehicle (*see Billis v Tunjian*, 120 AD3d at 1168; *Xian Hong Pan v Buglione*, 101 AD3d 706, 707 [2012]; *Staton v Ilic*, 69 AD3d 606, 606 [2010]).

Here, the plaintiffs met their prima facie burden of establishing their entitlement to judgment as a matter of law through Pow Choo Chung's sworn affidavit, in which she attested that the plaintiffs' vehicle was stopped for 10 to 15 seconds on Woodhaven Boulevard, near its intersection with Wetherole Street, when it was struck from behind by the defendants' vehicle (*see Volpe v Limoncelli*, 74 AD3d 795 [2010]; *Hakakian v McCabe*, 38 AD3d 493, 493-494 [2007]). In opposition, the defendants failed to raise a triable issue of fact. Cheng Lin Jin's explanation for striking the plaintiffs' vehicle in the rear, set forth in his affidavit in opposition to the plaintiffs' motion, that Pow Choo Chung stopped her vehicle suddenly at the yellow light on the crosswalk, was insufficient to raise a triable issue of fact as to whether Pow Choo Chung's actions contributed to the happening of the accident (*see Kastritsios v Marcello*, 84 AD3d 1174 [2011]; *Celentano v Moriarty*, 75 AD3d 572 [2010]; *Franco v Breceus* 70 AD3d 767 [2010]; *Mallen v Su*, 67 AD3d 974, 975 [2009]; *Hakakian v McCabe*, 38 AD3d at 494).

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Hall, Austin and Barros, JJ., concur.