■ JENNIFER TEJEDA, Respondent, v MOHAMMAD S. AIFA, Defendant, DANELLA CONSTRUCTION OF NY, INC., et al., Respondents, and EVELYNA LAKE et al., Appellants. [22 NYS3d 18]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered April 23, 2013, which, to the extent appealed from, denied defendants Evelyna Lake and Dito Limo Corp.'s motions for summary judgment dismissing the complaint and cross claims as against them on the issue of liability and for summary judgment on the issue of serious injury within the meaning of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, insofar as it denied the motion based on liability, and that motion granted, and the appeal therefrom otherwise dismissed, without costs, as academic. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that she suffered serious injuries when she was a passenger in a livery cab driven by defendant Aifa that was the front-most vehicle in a rear-end accident involving four vehicles. Defendant Lake, who was driving the third car in the accident, testified that Aifa's cab stopped suddenly to pick up a passenger, that the second cab then braked, and that she braked and came to a stop about a foot behind the second cab. Lake's cab was then hit in the rear by the truck behind her, which was driven by defendant Dickerson, causing her vehicle to travel forward and strike the second cab. Dickerson testified that the accident occurred because cabs in front of him stopped suddenly to pick up passengers, that he was just a half-car length behind Lake's cab when he first saw it, and that he hit the rear of Lake's cab after it had stopped.

Lake provided a "non-negligent explanation for the collision" between her car and the cab stopped in front of her, thereby rebutting the presumption that she was negligent (*see Agramonte v City of New York*, 288 AD2d 75, 76 [1st Dept 2001]). She submitted the testimony that she had come to a full stop before being hit by Dickerson's truck, which caused her car to move forward into the cab stopped in front of her (*see Williams*

*v Hamilton*, 116 AD3d 421 [1st Dept 2014]). Dickerson's testimony that Lake stopped short is insufficient by itself to raise an issue of fact as to her negligence; he provided no explanation as to why he did not maintain a safe distance between his vehicle and Lake's vehicle in front of him (*see Corrigan v Porter Cab Corp.*, 101 AD3d 471, 472 [1st Dept 2012]). Thus, Lake and defendant Dito, the owner of the cab Lake was driving, demonstrated their lack of fault in connection with both the impact with the second vehicle and the rear impact by Dickerson's vehicle, and are entitled to summary dismissal of the complaint and cross claims against them.

In light of the foregoing, we do not reach defendants' arguments as to plaintiff's ability to demonstrate that she suffered a serious injury causally related to the accident. Concur—Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.