(January 27, 2016)

■ JAY BINKOWITZ, Appellant, v JOHN KOLB, Respondent. [24 NYS3d 186]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated September 25, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

"When the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Gaeta v Carter*, 6 AD3d 576, 576 [2004]; *see* Vehicle

and Traffic Law § 1129 [a]; *Brothers v Bartling*, 130 AD3d 554, 555 [2015]; *Williams v Spencer-Hall*, 113 AD3d 759, 759-760 [2014]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Whelan v Sutherland*, 128 AD3d 1055, 1056 [2015]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]; *Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 670 [2013]). A nonnegligent explanation may include evidence of a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause (*see Etingof v Metropolitan Laundry Mach. Sales, Inc.*, 134 AD3d 667 [2d Dept 2015]; *D'Agostino v YRC, Inc.*, 120 AD3d 1291, 1292 [2014]; *Ramos v TC Paratransit*, 96 AD3d 924, 925 [2012]; *Fajardo v City of New York*, 95 AD3d 820, 821 [2012]).

Here, on his motion for summary judgment on the issue of liability, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting an affidavit in which he stated that his vehicle was stopped when it was struck in the rear (*see Salako v Nassau Inter-County Express*, 131 AD3d 687, 687-688 [2015]; *Le Grand v Silberstein*, 123 AD3d 773, 775 [2014]; *Cheow v Cheng Lin Jin*, 121 AD3d 1058, 1059 [2014]; *Williams v Spencer-Hall*, 113 AD3d at 760). In opposition, the defendant failed to submit evidence either denying the plaintiff's allegations or offering a nonnegligent explanation for the collision (*see Service v McCoy*, 131 AD3d 1038 [2015]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]). Contrary to the defendant's contention, the plaintiff's motion was not premature (*see* CPLR 3212 [f]; *Le Grand v Silberstein*, 123 AD3d at 775; *Williams v Spencer-Hall*, 113 AD3d at 760).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Hall, Roman and Sgroi, JJ., concur.