■ TATYANA PARSHINA, Appellant, v CLAUDE M. CELESTIN et al., Respondents. [45 NYS3d 157]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated October 28, 2015, which denied her motion for summary judgment on the issue of liability without prejudice to renew upon the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff allegedly was injured when a vehicle owned by the defendant Claude M. Celestin and operated by the defendant Edner Fleurima struck her stopped vehicle in the rear at an intersection in Brooklyn. The plaintiff commenced this action against the defendants to recover damages for personal injuries. Before discovery was complete, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion, without prejudice to renew upon the completion of discovery. We reverse.

To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *Stanford v Smart Pick, Inc.*, 134 AD3d 1096, 1097 [2015]; *Adams v Bruno*, 124 AD3d 566, 567 [2015]). There is a twofold burden because more than one party's actions may be a proximate cause of a single accident (*see Phillip v D&D Carting Co., Inc.*, 136 AD3d at 23; *Adobea v Junel*, 114 AD3d 818 [2014]; *Ramos v Bartis*, 112 AD3d 804 [2013]).

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of her own affidavit, in which she averred that her vehicle had come to a gradual stop at a red light on Ocean Avenue, at its intersection with Avenue N, when it was struck in the rear by the defendants' vehicle. This affidavit demonstrated, prima facie, that the defendant Edner Fleurima was negligent and that the plaintiff was not comparatively at fault in the happening of the accident.

In opposition, the defendants failed to raise a triable issue of fact with the affidavit of Edner Fleurima, who was operating the defendants' vehicle. Fleurima averred that the plaintiff stopped her vehicle suddenly after the light at the aforementioned intersection turned yellow in their direction of travel. This explanation was insufficient to raise a triable issue of fact as to whether the plaintiff's actions contributed to the happening of the subject accident (*see Cheow v Cheng Lin Jin*, 121 AD3d 1058 [2014]; *Hakakian v McCabe*, 38 AD3d 493 [2007]; *David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]; *Malone v Morillo*, 6 AD3d 324 [2004]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Chambers, J.P., Roman, Miller and Barros, JJ., concur.