ANTHONY TUMMINELLO et al., Appellants, v CITY OF NEW YORK, Respondent. [49 NYS3d 739]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), dated April 19, 2016, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

On July 22, 2013, at the intersection of Francis Lewis Boulevard and Union Turnpike in Queens, a Department of Sanitation truck owned by the defendant City of New York and operated by nonparty Michael J. McPhillips, in which the plaintiff Anthony Tumminello (hereinafter the injured plaintiff) was a passenger, struck another vehicle in the rear. At the time of the accident, the injured plaintiff and McPhillips were employed by the City as sanitation workers. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action. After discovery, the plaintiffs moved for summary judgment on the issue of liability, and the Supreme Court denied the motion. The plaintiffs appeal.

There can be more than one proximate cause of an accident (*see Hurst v Belomme*, 142 AD3d 642 [2016]; *Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 560 n 2 [1999]). Accordingly, a plaintiff moving for summary judgment on the issue of liability in a personal injury action has the burden of establishing, prima facie, not only the defendant's negligence, but also the absence of his or her comparative fault (*see Ricciardi v Nelson*, 142 AD3d 492 [2016]; *Roberts v Zirkind*, 140 AD3d 940, 940-941 [2016]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence

on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (*see Theo v Vasquez*, 136 AD3d 795, 796 [2016]; *Le Grand v Silberstein*, 123 AD3d 773, 774 [2014]; *Cheow v Cheng Lin Jin*, 121 AD3d 1058, 1058-1059 [2014]; *Volpe v Limoncelli*, 74 AD3d 795, 795 [2010]). A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause (*see Binkowitz v Kolb*, 135 AD3d 884, 885 [2016]; *Etingof v Metropolitan Laundry Mach. Sales, Inc.*, 134 AD3d 667 [2015]; *D'Agostino v YRC, Inc.*, 120 AD3d 1291, 1292 [2014]; *Sayyed v Murray*, 109 AD3d 464 [2013]). "While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, 'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead' " (*Theo v Vasquez*, 136 AD3d at 796, quoting *Brothers v Bartling*, 130 AD3d 554, 556 [2015] [internal quotation marks omitted]; *see Volpe v Limoncelli*, 74 AD3d at 795-796).

In support of their motion for summary judgment on the issue of liability, the plaintiffs submitted, inter alia, transcripts of the parties' deposition testimony, which demonstrated, prima facie, that the injured plaintiff was not comparatively at fault for the happening of the subject accident, and that McPhillips was negligent. Contrary to the City's contention, the transcript of McPhillips's deposition testimony did not reveal a triable issue of fact as to whether he demonstrated a nonnegligent explanation for the rear-end collision into the other vehicle. Even if, as McPhillips testified, the other vehicle came to a sudden stop at the subject intersection's yellow traffic light, McPhillips should have anticipated that the other vehicle might come to a stop at the intersection (*see Cheow v Cheng Lin Jin*, 121 AD3d 1058 [2014]; *Hakakian v McCabe*, 38 AD3d 493 [2007]; *David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]; *Malone v Morillo*, 6 AD3d 324 [2004]). Furthermore, McPhillips's deposition testimony did not rebut the inference of negligence from the rear-end collision, as he testified that he knew that the road was wet from a recent rain shower and he failed to demonstrate that his skid on known road conditions was unavoidable (*see Sayyed v Murray*, 109 AD3d at 465; *Grimm v Bailey*, 105 AD3d 703, 704 [2013]; *Plummer v Nourddine*, 82 AD3d 1069, 1070 [2011]; *Faul v Reilly*, 29 AD3d 626 [2006]; *cf. DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d

489, 490 [2010]). In opposition to the motion, the City failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.