■ Edwin Mosquera, Respondent, v Dennis Roach et al., Appellants. [59 NYS3d 46]—

In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 11, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2), as limited by their brief, from so much of an order of the same court entered September 28, 2015, as denied that branch of their motion which was for leave to renew their opposition to the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order entered March 11, 2015, is affirmed; and it is further,

Ordered that the order entered September 28, 2015, is affirmed insofar as appealed from; and it further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly was injured when his vehicle was struck in the rear by a vehicle owned by the defendant Premier Utility Services, LLC, and operated by the defendant Dennis

Roach. The plaintiff commenced this action against the defendants to recover damages for personal injuries. After issue was joined, but before discovery, the plaintiff moved for summary judgment on the issue of liability based, inter alia, upon his affidavit wherein he stated that the defendants' vehicle struck his vehicle in the rear as he was in the process of bringing it to a gradual and complete stop at a red light. The defendants opposed the motion, arguing both that the motion was premature since discovery had yet to take place and that a triable issue of fact existed as to the plaintiff's comparative fault. They submitted an affidavit from Roach, who stated that prior to the accident he was traveling behind the plaintiff's vehicle, with another vehicle in between them. He stated that the plaintiff stopped suddenly for a light that was changing from yellow to red, and the other vehicle was forced to change lanes in order to avoid hitting the plaintiff's vehicle. Roach stated that he immediately applied pressure to the brakes, but his vehicle slid into the plaintiff's vehicle because it had been raining and the roadway was wet. In the order appealed from entered March 11, 2015, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.

The defendants then moved, inter alia, for leave to renew their opposition to the plaintiff's motion, based, in part, upon excerpts of the transcript of the plaintiff's deposition, which occurred after the plaintiff's motion had been granted. In the order appealed from entered September 28, 2015, the Supreme Court denied that branch of the defendants' motion. The defendants appeal.

"A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault" (*Pivetz v Brusco*, 145 AD3d 806, 807 [2016]; *see Pouncey v New York City Tr. Auth.*, 135 AD3d 728, 730 [2016]). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law through his affidavit, which demonstrated that he was not comparatively at fault for the happening of the subject accident and that the defendant driver was negligent (*see Tumminello v City of New York*, 148 AD3d 1084 [2017]). In opposition, the defendants failed to raise a triable issue of fact. Roach's affidavit was insufficient since he should have anticipated that the plaintiff's vehicle might come to a stop at the intersection, and he failed to demonstrate that his skid on known road conditions was unavoidable (*see id.* at 1084).

Furthermore, contrary to the defendants' contention, the

plaintiff's motion was not premature since the defendants failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the plaintiff (*see Turner v Butler*, 139 AD3d 715, 716 [2016]). Therefore, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.

A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]). Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendants' motion which was for leave to renew, since they failed to submit new evidence that would have changed the prior determination (*see Castle Restoration & Constr., Inc. v Castle Restoration, LLC*, 149 AD3d 692 [2017]; *Cullin v Lynch*, 148 AD3d 670 [2017]; *see also Fergile v Payne*, 147 AD3d 727 [2017]).

The defendants' remaining contentions either are without merit or have been rendered academic in light of our determination. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.