■ JENNIFER LIBURD, Appellant, v JOSEPH LULGJURAJ et al., Respondents. [65 NYS3d 448]—

Order, Supreme Court, Bronx County (Donna M. Mills, J.), entered on or about April 5, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Triable issues of fact exist as to the sequence of the collisions in this three-car accident. Although plaintiff testified that she, in the second vehicle, was struck from behind by defendant Lauren M. Lulgjuraj, causing her vehicle to strike the lead vehicle, the police accident report contains a statement attributed to plaintiff, in which she purportedly admitted that she had struck the lead vehicle prior to being hit by Lulgjuraj. "In a multi vehicle accident, where, as here, there is a question of fact as to the sequence of the collisions, it cannot be said as a matter of law there was only one proximate cause of plaintiffs' injuries" (*Passos v MTA Bus Co.*, 129 AD3d 481, 482 [1st Dept 2015] [internal quotation marks omitted]). The court properly considered the police accident report, which contained statements attributable to plaintiff that would qualify as admissions (*see Matter of Rhodes [Motor Veh. Acc. Indem. Corp.— Biggs]*, 203 AD2d 46, 47 [1st Dept 1994]; *see also Newman v Vetrano*, 283 AD2d 264 [1st Dept 2001]). Concur—Gische, J.P., Webber, Oing, Singh and Moulton, JJ.