Montalvo v Cedeno (2019 NY Slip Op 02337)





Montalvo v Cedeno


2019 NY Slip Op 02337


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2017-03586
 (Index No. 507430/16)

[*1]Luis G. Montalvo, respondent,
v
Gianni Cedeno, et al., appellants.


Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (Alyssa L. Garone of counsel), for appellants.
Omrani & Taub, P.C., New York, NY (James L. Forde of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 24, 2017. The order, insofar as appealed from, granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when his vehicle was struck in the rear by the defendants' vehicle at or near a T-intersection. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries. After joinder of issue, but before any discovery was conducted, the plaintiff moved for summary judgment on the issue of liability. The defendants opposed the motion. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendants breached a duty owed to the plaintiff and that the defendants' negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034).
Here, the plaintiff's affidavit submitted in support of his motion established his prima facie entitlement to judgment as a matter of law. In it, he averred that his vehicle, which had been traveling eastbound, had stopped at a red traffic signal at an intersection, and that the plaintiff had activated his right-turn signal, intending to turn right. As soon as the traffic signal turned green, the [*2]plaintiff's vehicle was struck in the rear, propelling his vehicle across the intersection (see Odetalla v Rodriguez, 165 AD3d 826; Tumminello v City of New York, 148 AD3d 1084, 1085; Binkowitz v Kolb, 135 AD3d 884, 885). In opposition, the defendants failed to raise a triable issue of fact, as they did not submit evidence either denying the plaintiff's allegations or offering a nonnegligent explanation for the collision (see Tumminello v City of New York, 148 AD3d at 1085; Binkowitz v Kolb, 135 AD3d at 885; Plummer v Nourddine, 82 AD3d 1069, 1070; Mallen v Su, 67 AD3d 974, 975). Contrary to the defendants' contention, the plaintiff's motion was not premature (see CPLR 3212[f]; Emil Norsic & Son, Inc. v L.P. Transp., Inc., 30 AD3d 368, 369). Therefore, we agree with the Supreme Court's determination to consider the motion on its merits.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability.
BALKIN, J.P., CHAMBERS, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court