Catanzaro v Edery (2019 NY Slip Op 03762)





Catanzaro v Edery


2019 NY Slip Op 03762


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-01701
 (Index No. 518629/16)

[*1]Krystal Catanzaro, respondent,
v Marc Edery, et al., appellants.


Russo & Tambasco, Melville, NY (Yamile Al-Sullami and Melissa Marano of counsel), for appellants.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated November 17, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On June 23, 2016, three vehicles were involved in a collision in Queens at an intersection that is controlled by a traffic light. The lead vehicle was operated by nonparty Andrew Geramita, Jr., the second vehicle was operated by the plaintiff, and the third vehicle was operated by the defendant Zoe Fabienne Edery (hereinafter the defendant driver) and owned by the defendant Marc Edery. The plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained by her in the collision. Subsequently, the plaintiff moved for summary judgment on the issue of liability, alleging that the defendants' vehicle struck her vehicle in the rear, causing her vehicle to be pushed into the lead vehicle. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312, 314; Merino v Tessel, 166 AD3d 760, 760). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Arslan v Costello, 164 AD3d 1408, 1409 [internal quotation marks omitted]; see Edgerton v City of New York, 160 AD3d 809, 810). Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, "must be anticipated by the driver who follows, since he or she is under a duty to maintain [*2]a safe distance between his or her vehicle and the vehicle ahead" (Arslan v Costello, 164 AD3d at 1409-1410 [internal quotation marks omitted]; see Waide v ARI Fleet, LT, 143 AD3d 975, 976).
Here, in support of her motion for summary judgment on the issue of liability, the plaintiff submitted, inter alia, a transcript of her deposition testimony, in which she testified that she had gradually brought her vehicle to a complete stop behind the lead vehicle at a red light at the intersection, when she was struck in the rear by the defendants' vehicle, which caused the plaintiff's vehicle to be pushed forward into the lead vehicle. Thus, the plaintiff established, prima facie, that the defendant driver's negligence was a proximate cause of the accident (see Arslan v Costello, 164 AD3d at 1409).
In opposition, the defendants submitted the affidavit of the defendant driver, which failed to provide a nonnegligent explanation for striking the rear of the plaintiff's vehicle. The defendant driver averred that as she was approaching the intersection, the traffic light turned from green to yellow. She asserted that after the traffic light turned yellow, it "appeared" that the lead vehicle and the plaintiff's vehicle were "going to attempt to beat the light,'" but that instead, the lead vehicle came to a sudden stop and was struck in the rear by the front of the plaintiff's vehicle. According to the defendant driver, upon impact, the plaintiff's vehicle came to a sudden and abrupt stop, after which the defendants' vehicle made contact with the plaintiff's vehicle. The defendant driver asserted that the contact between the plaintiff's vehicle and the lead vehicle was the first contact and the cause of the accident.
The defendant driver's assertion that the plaintiff's vehicle came to a sudden stop, standing alone, was insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the collision between the plaintiff's vehicle and the defendants' vehicle (see Edgerton v City of New York, 160 AD3d at 811; Robayo v Aghaabdul, 109 AD3d 892, 893). Even if, as the defendant driver asserted, the plaintiff had come to a sudden stop at the traffic light, the defendant driver should have anticipated that the plaintiff's vehicle might come to a stop at the intersection, especially where, according to the defendant driver's own affidavit, the traffic light already turned yellow (see Tumminello v City of New York, 148 AD3d 1084, 1085). The defendant driver was under a duty to maintain a safe distance between her vehicle and the plaintiff's vehicle, notwithstanding that it "appeared" to her that the lead vehicle and the plaintiff's vehicle were "going to attempt to beat the light'" (see Tumminello v City of New York, 148 AD3d at 1085). Therefore, in opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court