**Hutchinson v Salem Truck Leasing, Inc.**

2020 NY Slip Op 35561(U)

May 22, 2020

Supreme Court, Bronx County

Docket Number: Index No. 29990/2019E

Judge: John R. Higgitt

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: IA PART 14
---------------------------------------------------------------------X
JOHN HUTCHINSON, JR.,

                                        Plaintiff,

           - against -

SALEM TRUCK LEASING, INC., FISCHER FOODS
OF NEW YORK, INC. and JERRY SMITH III,

                                   Defendants.
---------------------------------------------------------------------X

DECISION AND ORDER

Index No. 29990/2019E

Present: John R. Higgitt, J.S.C.

Upon plaintiff's December 27, 2019 notice of motion and the affirmation, affidavit and exhibits submitted in support thereof; defendants' March 20, 2020 affirmation in opposition; plaintiff's March 20, 2020 affirmation in reply; and due deliberation; plaintiff's motion for partial summary judgment on the issue of defendants' liability for causing the subject motor vehicle accident and for dismissal of defendants' first, sixth, seventh, ninth and tenth affirmative defenses is granted.

In support of the motion, plaintiff submits his affidavit in which he avers that the vehicle he was driving had been stopped at a right traffic signal for approximately five seconds when it was struck from behind by defendants' vehicle. Plaintiff also submits the certified police accident report containing the statement, ostensibly of defendant Smith, that the vehicle he was driving struck the rear of plaintiff's vehicle when plaintiff's vehicle stopped short while approaching a traffic signal that was changing from yellow to red. This statement is admissible as an admission (*see Thompson v Coca-Cola Bottling Co.*, 170 AD3d 588 [1st Dept 2019]; *Liburd v Lulgjuraj*, 156 AD3d 532 [1st Dept 2017]).

This proof was sufficient to meet plaintiff's prima facie burden on the issue of defendants' negligence. "It is well settled that a rear-end collision with a stopped or stopping

[* 1]

vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle, and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident" (*Cabrera v Rodriguez*, 72 AD3d 553, 553 [1st Dept 2010]).

Defendants assert that the motion is premature because the parties have not yet been deposed. This is an insufficient basis upon which to deny the motion, because the relevant facts are within defendant Smith's knowledge and defendants failed to explain why they could not submit evidence in admissible form sufficient to warrant denial of the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) or what discovery was needed to oppose the motion (*see Santana v Danco Inc.*, 115 AD3d 560, 560 [1st Dept 2014]). Defendants failed to explain why they did not maintain a safe distance from plaintiff's vehicle to avoid striking it in the rear (*see Tejeda v Aifa*, 134 AD3d 549 [1st Dept 2015]).

Defendants also assert that the differing versions of facts appearing the police accident report raise issues of fact precluding summary relief. Under either scenario, however, defendants have failed to raise an issue of fact.

"[A]n assertion that the driver of a rear-ended vehicle made a sudden stop on a local public roadway within the City of New York, standing alone, is insufficient to raise a triable issue of fact as to whether the driver of the rear-ending vehicle has a nonnegligent explanation" (*Animah v Agyei*, 63 Misc 3d 783, 790 [Sup Ct, Bronx County 2019]). Whether plaintiff was stopped at a red light or stopped suddenly while approaching an intersection concededly governed by a red-turning traffic signal, plaintiff's stop occurred precisely when and where it should be anticipated that a stop would occur (*see Catanzaro v Edery*, 172 AD3d 995 [2d Dept 2019]; *Tumminello v City of N.Y.*, 148 AD3d 1084 [2d Dept 2017]). Accordingly, the variants in

2

[* 2]

the stories relayed to the responding police officer do not provide a non-negligent explanation for the accident and do not raise an issue of fact (*see Malone v Morillo*, 6 AD3d 324, 325 [1st Dept 2004]; *see also Morales v Consolidated Bus Transit, Inc.*, 167 AD3d 457 [1st Dept 2018] [sudden stop mid-block]; *Giap v Hathi Son Pham*, 159 AD3d 484 [1st Dept 2018] [sudden stop]; *Alvarez v Bryant*, 143 AD3d 527 [1st Dept 2016] [sudden stop in intersection]; *Williams v Hamilton*, 116 AD3d 421 [1st Dept 2014] [sudden stop at intersection]).

Plaintiff also seeks dismissal of defendants' first affirmative defense alleging the failure to state a cause of action, sixth affirmative defense alleging the "operation of nature," seventh affirmative defense alleging plaintiff's culpable conduct, ninth affirmative defense alleging the actions or omissions of intervening or superseding parties, and the tenth affirmative defense alleging the lack of jurisdiction.

Defendants assert that dismissal of the affirmative defenses is premature in the absence of discovery and because the viability of the affirmative defenses is within plaintiff's sole knowledge.

To warrant dismissal of an affirmative defense, plaintiff must demonstrate that the defense is without merit as a matter of law (*see* CPLR 3211[b]; *Calpo-Rivera v Siroka*, 144 AD3d 568 [1st Dept 2016]). "On such a motion, the allegations set forth in the answer must be viewed in the light most favorable to the defendants, and the defendant is entitled to the benefit of every reasonable intendment of the pleading, which is to be liberally construed" (*Pugh v N.Y.C. Hous. Auth.*, 159 AD3d 643, 643 [1st Dept 2018] [citations and quotation marks omitted]). A defense should not be dismissed "where there remain questions of fact requiring a trial" (*Granite State Ins. Co. v Transatlantic Reinsurance Co.*, 132 AD3d 479, 481 [1st Dept 2015]).

3

[* 3]

With respect to the first affirmative defense alleging the failure to state a cause of action, the foregoing demonstrates that the complaint sufficiently states a cause of action against defendants for negligence. The affirmative defense is therefore without merit (*see* CPLR 3211[b]).

With respect to defendants' sixth affirmative defense alleging that the accident was caused, in whole or in part, by the "operation of nature," the defense is akin to an "act of God" defense (*see e.g. Tel Oil Co. v City of Schenectady*, 278 AD2d 571 [1st Dept 2000]), and encompasses "natural causes, such as could not be prevented by human care, skill and foresight" (*Prashant Enters. v State*, 206 AD2d 729, 730 [1st Dept 1994]). Plaintiff's proof demonstrates that the accident was a rear-end accident between two motor vehicles on a local roadway at or near an intersection controlled by a traffic signal, and that the attendant environmental factors were neutral or non-contributory. Plaintiff demonstrated that the accident did not involve any circumstance that was "unusual, extraordinary [or] unprecedented" (*Verdugo v Seven Thirty One Ltd. P'ship*, 70 AD3d 600, 602 [1st Dept 2010]). Defendants, whose driver obviously had personal knowledge of the circumstances of the accident and who failed to submit evidence, admissible or otherwise, in opposition to the motion, failed to raise an issue of fact as to the merit of this defense.

With respect to defendants' seventh affirmative defense alleging plaintiff's culpable conduct, even if plaintiff stopped suddenly during his approach to a red-turning traffic signal at an intersection, this is insufficient to raise an issue of fact, and dismissal of the defense is warranted (*see Smyth v Murphy*, 177 AD3d 492 [1st Dept 2019]; *Elihu v Nicoleau*, 173 AD3d 578 [1st Dept 2019]).

4

[* 4]

With respect to defendants' ninth affirmative defense alleging that the accident was caused by the actions or omissions of intervening or superseding parties, plaintiff's description of the events involves no persons other than plaintiff and defendants, and defendants failed to raise an issue of fact.

With respect to the affirmative defense alleging the lack of jurisdiction, defendants assert that they are waiving the defense (*see* CPLR 3211[e]).

Accordingly, it is

ORDERED, that plaintiff's motion for partial summary judgment on the issue of defendants' liability for causing the subject motor vehicle accident and for dismissal of defendants' first, sixth, seventh, ninth and tenth affirmative defenses is granted; and it is further

ORDERED, that defendants' first, sixth, seventh, ninth and tenth affirmative defenses are dismissed; and it is further

ORDERED, that the Clerk of the Court shall issue a case scheduling order on **July 31, 2020**.

This constitutes the decision and order of the court.

Dated: May 22, 2020

Hon. John R. Higgitt, J.S.C.