**Baez v Olis Car Serv. Inc.**

2020 NY Slip Op 35562(U)

June 10, 2020

Supreme Court, Bronx County

Docket Number: Index No. 31133/2019E

Judge: John R. Higgitt

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: IA PART 14
-------------------------------------------------------------------X
DIANA M. BAEZ,

Plaintiff,

- against -

OLIS CAR SERVICE INC. and MANUEL FELIZ
CEPIN,

Defendants.
-------------------------------------------------------------------X

DECISION AND ORDER

Index No. 31133/2019E

Present: John R. Higgitt, J.S.C.

Upon plaintiff's February 24, 2020 notice of motion and the affirmation, affidavit and exhibits submitted in support thereof; there being no opposition to the application; and due deliberation; the court having advised the parties, by email directed to the addresses associated with the action on the NYSCEF site, on May 15, 2020 that the motion would be decided on the basis of the papers e-filed as of the close of business on the return date, and having received no indication that the court's communication was not received by the parties; the court not having received any response to its communication; the court's review of the records relating to this matter indicating that the matter has not been settled, discontinued or otherwise disposed; and due deliberation; plaintiff's motion for partial summary judgment on the issue of defendants' liability for causing the subject motor vehicle accident and for dismissal of defendants' third, fifth and tenth affirmative defenses is granted.

In support of the motion, plaintiff submits her affidavit in which she avers that the vehicle she was driving had been stopped in traffic for several seconds when it was rear-ended by defendants' vehicle, and that plaintiff had not abruptly changed lanes or cut off any vehicle prior to the accident.

Plaintiff also submits the police accident report containing the statement, ostensibly

attributable to defendant Cepin, that the accident was caused when he was temporarily unable to see plaintiff's vehicle because of sun glare. While the report is uncertified, this statement is admissible as an admission (*see Thompson v Coca-Cola Bottling Co.*, 170 AD3d 588 [1st Dept 2019]; *Liburd v Lulgjuraj*, 156 AD3d 532 [1st Dept 2017]), which defendant Cepin does not deny making (*see Estate of Mirjani v DeVito*, 135 AD3d 616 [1st Dept 2016]).

This proof is sufficient to meet plaintiff's prima facie burden of demonstrating defendants' liability (*see Downey v Mazzioli*, 137 AD3d 498 [1st Dept 2016]). "A driver is supposed to make reasonable use of his or her senses, drive at a safe rate of speed under existing conditions, and maintain a safe distance from other motor vehicles, which was not done in this case" (*Miller v DeSouza*, 165 AD3d 550, 550 [1st Dept 2018] [citations omitted]; *see* Vehicle and Traffic Law § 1129[a]). Sun glare does not excuse defendant Cepin's actions in striking the rear of plaintiff's vehicle (*see Johnson v Phillips*, 261 AD2d 269 [1st Dept 1999]). Plaintiff's "unrebutted testimony that [her] vehicle … had been at a complete stop for several seconds when it was struck in the rear by [defendants'] vehicle was sufficient as a matter of law to place sole responsibility for the accident with [those defendants]" (*id.*, 261 AD2d at 272), requiring dismissal of defendants' third affirmative defense alleging plaintiff's culpable conduct.

With respect to that aspect of the motion as seeks dismissal of defendants' fifth affirmative defense alleging plaintiff's failure to wear a seatbelt, plaintiff averred that she was wearing a seat belt at the time of the accident, and defendant failed to raise an issue of fact.

With respect to that aspect of the motion as seeks dismissal of defendants' tenth affirmative defense alleging the application of the emergency doctrine, the emergency doctrine is generally inapplicable to routine rear-end motor vehicle accidents (*see Johnson, supra*), and is inapplicable when the emergency is of the defendant's making (*see Ruiz v Reyes*, 148 AD3d 592

2

[* 2]

[1st Dept 2017]). Defendants failed to raise an issue of fact as to whether the emergency doctrine applies.

Accordingly, it is

ORDERED, that plaintiff's motion for partial summary judgment on the issue of defendants' liability for causing the subject motor vehicle accident and for dismissal of defendants' third, fifth and tenth affirmative defenses is granted, without opposition; and it is further

ORDERED, that defendants' third, fifth and tenth affirmative defenses are dismissed.

The parties are reminded of the 9:30 a.m. October 16, 2020 status conference before the undersigned.

This constitutes the decision and order of the court.

Dated: June 10, 2020

_____
Hon. John R. Higgitt, J.S.C.

[* 3]