■ LLOYD KAPLAN, an Infant, by ARTHUR KAPLAN, His Parent, et al., Appellants, v. JOHN DUGGAN et al., Respondents.— Appeals (1) from a judgment of the Supreme Court, entered March 1, 1971 in Sullivan County, upon a verdict rendered at a Trial Term in favor of defendants, Ruth Sar and Melvin D. Sar, and (2) from that part of the judgment of the Supreme Court, entered June 1, 1971 in Sullivan County, which dismissed the cause of action of plaintiffs against defendant John Duggan at the close of plaintiffs' case. Appellant, Lloyd Kaplan, was injured in an automobile accident early in the morning of August 25, 1968, when the truck owned by respondent John Duggan collided with an automobile owned by respondent Ruth Sar and operated by respondent Melvin Sar at the intersection of Ballard Road and Route 17B in the Town of Bethel, Sullivan County. This action is one out of four actions brought as a result of the accident, appellant, Lloyd Kaplan, being a defendant in the other three actions. In the complaint appellants allege that Lloyd Kaplan was injured while riding as a passenger in the truck operated by Duggan at the time of the accident. Lloyd testified that Duggan, Philip Walter and he left a bar in Smallwood after stopping at two other bars; that Duggan entered the truck on the driver's side with Walter in the middle and himself on the passenger side next to the door; that it was a rainy, foggy night: that the last thing he remembered prior to the accident was Duggan driving the truck; that his first recollection thereafter was when the ambulance came; that he had no recollection between the two events; and that when he regained consciousness he was in the roadway on the passenger's side of the truck. Walter testified that both Lloyd and he were thrown out on the driver's side of the truck; that the truck did not spin at any time; that Lloyd was not found on the driver's side after being ejected; and that Duggan was driving 10 to 11 minutes after they left the Smallwood bar at which time he stopped the truck and Lloyd became the driver. The testimony of Bernard Blackman, a Monticello police officer called as a witness by the appellants, was stipulated to by all parties to the effect that he would have testified that the distance from the Smallwood bar to the scene of the accident was one and nine-tenths miles, and driving at 30 miles per hour, it would take approximately four minutes to reach the scene of the accident. Dr. Bernard Bloom testified that Lloyd, in addition to other injuries, had suffered a cerebral concussion, a symptom of which is forgetfulness, and that the fact that he could not remember was consistent with a concussion injury. At the close of appellants' case, the trial court granted respondent Duggan's motion to dismiss the complaint in the action against him upon the ground that appellants had failed to prove a prima facie case in negligence. The court granted the motion stating that all other testimony was directed to the fact that Lloyd Kaplan was the driver of the truck and that Lloyd had failed to sustain the burden of proving affirmatively that he was not the driver. Appellants contend that under the circumstances the evidence raises a question of fact for the jury to determine as to whether or not Lloyd was the driver of the truck. Appellant, Lloyd Kaplan, testified that prior to the accident he was a passenger in the truck. He could, however, not testify as to the happening of the accident by reason of loss of memory caused by the injuries sustained. It has been held that an amnesiac should be held to a lesser degree of proof as to the happening of an accident if the jury is satisfied from medical and other evidence that the plaintiff was suffering from loss of memory, and that the injuries incurred were a substantial factor in causing the loss of memory.

(*Schechter* v. *Klanfer*, 28 N Y 2d 228; *Wartels* v. *County Asphalt*, 29 N Y 2d 372; *Sala* v. *Spallone*, 38 A D 2d 860.) It thus becomes a question of fact for the jury to determine whether appellant Lloyd Kaplan was entitled to the benefit of the rule of lesser degree of proof and whether or not the evidence submitted does raise a question of fact as to the actual happening of the accident. Lloyd was unable to remember who was driving the truck at the time of the accident. However, the facts that after the accident he was lying in the road on the passenger's side of the truck; that Duggan admittedly was driving when they left the Smallwood bar; that Walter testified that Duggan drove 10 to 11 minutes; that all concede that the distance from the bar to the scene of the accident was one and nine-tenths miles; and that it would take four minutes to travel the distance at 30 miles per hour, certainly raise a question of fact as to the identity of the driver at the time of the accident. The credibility of the various witnesses was also a fact for the jury. The trial court erred in dismissing appellants' complaint as a matter of law. In the trial court's charge in appellants' action against respondent, Melvin D. Sar, the court charged as a matter of law that the driver of the truck at the time of the accident was Lloyd Kaplan. Although this charge was error, in view of the fact that the jury found that respondent Sar was not guilty of negligence in the three cases in which he was a defendant and in his favor in the case in which he was a plaintiff, the erroneous charge did not prejudice appellants because it was immaterial whether or not Lloyd Kaplan was the driver of the truck. Judgment entered March 1, 1971, affirmed without costs. Judgment entered June 1, 1971, modified, on the law and the facts, to the extent of reversing the dismissal of plaintiffs' complaint insofar as it alleges a cause of action against defendant John Duggan and directing a new trial thereon, and, as so modified, affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.