■ DEBORA DiPAOLA, Respondent, and RENEE BRENNER, Appellant, v TOBI A. SCHERPICH et al., Appellants. (Action No. 1.) RENEE BRENNER, Appellant, v DEBORA DiPAOLA, Respondent. (Action No. 2.) [657 NYS2d 883] —In two related actions to recover damages for personal injuries arising out of an automobile accident, which were jointly tried, (1) Renee Brenner appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated May 20, 1996, as, upon reargument, adhered to so much of a determination

in an order of the same court dated March 20, 1996, as dismissed her action against Debora DiPaola in Action No. 2, and (2) Tobi A. Scherpich and Donald W. Scherpich appeal, as limited by their brief, from so much of the order dated May 20, 1996, as upon reargument, adhered to so much of the determination in the March 20, 1996, order as granted Debora DiPaola's motion for summary judgment against them in Action No. 1.

Ordered that the order is affirmed insofar as appealed from, with costs payable by the appellants appearing separately and filing separate briefs.

This action arose out of a rear-end collision between vehicles driven by Debora DiPaola, in which Renee Brenner was a passenger, and Donald W. Scherpich. The deposition testimony of the parties conclusively established that DiPaola's vehicle was struck in the rear when she stopped in the intersection to yield to an ambulance displaying emergency lights. Under the circumstances, the inference of negligence arising from the rear-end collision was not rebutted by the allegation that DiPaola stopped suddenly (*see, Gladstone v Hachuel,* 225 AD2d 730; Vehicle and Traffic Law § 1129 [a]; § 1144). Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.