ELIZABETH ZULETA, Respondent, v KAY S. QUIJADA et al., Appellants. [943 NYS2d 111]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated July 8, 2011, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff commenced this action to recover damages for injuries she allegedly sustained on March 24, 2009, as a result of a two-car collision at the intersection of 44th Street and Newtown Road in Queens. It is undisputed that a stop sign controls traffic on Newtown Road, the one-way street on which

the plaintiff was operating her vehicle. It is also undisputed that no stop sign or other traffic control device at that intersection controls traffic on 44th Street, the one-way street on which the defendants' vehicle was traveling. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

The evidence submitted in support of the defendants' motion, including the plaintiff's deposition testimony, established that the plaintiff entered the intersection without yielding the right-of-way and, thus, was negligent as a matter of law (see Vehicle and Traffic Law § 1142 [a]; § 1172 [a]; *Kotzias v Panagiotis*, 91 AD3d 607 [2012]; *Thompson v Schmitt*, 74 AD3d 789, 789-790 [2010]). It is immaterial that the plaintiff may have stopped at the stop sign before proceeding into the intersection, because she did not have the right of way when she proceeded (see *Martin v Ali*, 78 AD3d 1135, 1136 [2010]; *Goemans v County of Suffolk*, 57 AD3d 478, 479 [2008]). The evidence submitted in support of the motion further established, prima facie, that the plaintiff's conduct was the sole proximate cause of the accident. The driver of the defendants' vehicle was entitled to anticipate that the plaintiff would obey the traffic law requiring her to yield (see *Kotzias v Panagiotis*, 91 AD3d at 607; *Martin v Ali*, 78 AD3d at 1136; *Goemans v County of Suffolk*, 57 AD3d at 479). Moreover, the plaintiff admitted that she did not see the defendants' vehicle despite the absence of any obstruction to her view, before she proceeded into the intersection, and that she was looking straight ahead when she entered the intersection. Drivers are required to see with the proper use of their senses what they should have seen (see *Goemans v County of Suffolk*, 57 AD3d at 479; *Spatola v Gelco Corp.*, 5 AD3d 469, 470 [2004]).

The defendants thus established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact as to any negligence on the part of the defendants (see *Martin v Ali*, 78 AD3d at 1136-1137; *Goemans v County of Suffolk*, 57 AD3d at 479). The plaintiff's contention that the driver of the defendants' vehicle may have been operating the vehicle at an excessive speed is based on speculation, inasmuch as the plaintiff admitted that she never saw the defendants' vehicle before the collision (see *Thompson v Schmitt*, 74 AD3d at 790; *Stanford v Dushey*, 71 AD3d 988 [2010]). Finally, given the unrebutted evidence that the plaintiff's negligence was the sole proximate cause of the collision, the identity of the driver of the defendants' vehicle is immaterial (cf. *Kaplan v Duggan*, 39 AD2d 816, 817 [1972]). Accordingly, the Supreme Court should have granted the

defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Balkin, Lott and Miller, JJ., concur.