█ MELISSA C. CROWE, Respondent, v REBECCA NOEL HANLEY et al., Appellants, and JEFFREY M. SCRIBNER, Respondent. [999 NYS2d 84]—

In an action to recover damages for personal injuries, the defendants Rebecca Noel Hanley, Robert N. Hanley, and Patricia Hanley appeal from an order of the Supreme Court, Nassau County (Iannacci, J.), entered September 19, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability against the defendants Rebecca Noel Hanley and Robert N. Hanley, and the cross motion of the defendant Jeffrey M. Scribner for summary judgment dismissing the complaint and the cross claim insofar as asserted against him.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendant Jeffrey M. Scribner which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the appeal by Patricia Hanley from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants Rebecca Noel Hanley and Robert N. Hanley is dismissed, as Patricia Hanley is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and the defendant Jeffrey M. Scribner.

On June 16, 2012, a motorcycle operated by the defendant Jeffrey M. Scribner, on which the plaintiff was a passenger, collided with a vehicle operated by the defendant Rebecca Noel Hanley (hereinafter Rebecca) and owned by her father, the defendant Robert N. Hanley, at the intersection of Mill River Road and Glen Cove Road in Oyster Bay. The traffic that was proceeding in Rebecca's direction was controlled by a stop sign at the intersection, while the traffic that was proceeding in Scribner's direction was not governed by any traffic control device. At the time of the accident, the weather was sunny and the roadway was dry.

The plaintiff commenced this action against Rebecca and her parents (hereinafter collectively the appellants), and Scribner, to recover damages for her injuries. The appellants joined issue with the service of a verified answer, and asserted a cross claim against Scribner. Thereafter, the plaintiff moved for summary judgment on the issue of liability against the defendants Rebecca

Noel Hanley and Robert N. Hanley, and Scribner cross-moved for summary judgment dismissing the complaint and the cross claim insofar as asserted against him. The Supreme Court granted the motion and the cross motion. We affirm.

The plaintiff and Scribner each established their prima facie entitlement to judgment as a matter of law. They presented uncontroverted evidence that Rebecca proceeded into the intersection without yielding the right-of-way, in violation of Vehicle and Traffic Law § 1142 (a), and further demonstrated that her conduct was the sole proximate cause of the accident (*see Zuleta v Quijada*, 94 AD3d 876, 877 [2012]; *Kotzias v Panagiotis*, 91 AD3d 607 [2012]; *Thompson v Schmitt*, 74 AD3d 789 [2010]). It is immaterial that Rebecca may have stopped at the stop sign before proceeding into the intersection, because she did not have the right-of-way when she proceeded (*see Martin v Ali*, 78 AD3d 1135, 1136 [2010]). The evidence submitted in support of the plaintiff's motion and Scribner's cross motion established that Rebecca did not see Scribner's approaching motorcycle until Rebecca's vehicle was in the middle of the intersection, in Scribner's lane of traffic. At her deposition, Rebecca testified that, upon seeing Scribner's motorcycle approaching, she simply stopped her vehicle in his path. The evidence further demonstrated that Scribner applied his brakes but he did not have sufficient time to respond. Under these circumstances, the movants met their burden of establishing that Rebecca's conduct was the sole proximate cause of the accident and the movants were free from comparative fault as a matter of law (*see Zuleta v Quijada*, 94 AD3d at 877; *cf. Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]).

In opposition to the motion and Scribner's cross motion, the appellants failed to raise a triable issue of fact with respect to Scribner's alleged comparative fault (*see DeLuca v Cerda*, 60 AD3d 721 [2009]; *Meliarenne v Prisco*, 9 AD3d 353, 353 [2004]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]; *Le Claire v Pratt*, 270 AD2d 612, 613 [2000]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability against the appellants, and that branch of Scribner's cross motion which was for summary judgment dismissing the cross claim against him. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.