■ MELISSA MERCADO, Appellant, v JENNIFER HORN, as Executor of the Estate of ANNA HORN, Deceased, et al., Respondents. [64 NYS3d 591]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated September 16, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On the evening of September 18, 2013, a two-car accident occurred on Route 59 at its intersection with Blakeslee Place in Rockland County. Route 59 at its intersection with Blakeslee Place is a two-way street with one lane of travel in each direction and a two-way left-turn lane in the middle, which was available to vehicles traveling in both directions. Blakeslee Place was governed by a stop sign at this intersection. Immediately prior to the accident, the plaintiff was attempting to make a left turn from Blakeslee Place into the eastbound lane of Route 59 when her vehicle collided with the defendants' vehicle. The defendants' vehicle was operated by the defendant Brian Horn (hereinafter the defendant driver) and was traveling straight in a westerly direction in the two-way left-turn lane of Route 59. The plaintiff testified that she brought her vehicle to a stop before turning and that she saw the defendants' vehicle at the time of the impact. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and the plaintiff appeals.

Here, the defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the plaintiff failed to see what was there to be seen and failed to yield the right-of-way (*see* Vehicle and Traffic Law § 1142 [a];

*Fuertes v City of New York*, 146 AD3d 936, 937 [2017]; *Crowe v Hanley*, 123 AD3d 755, 757 [2014]; *Exime v Williams*, 45 AD3d 633, 634 [2007]). In opposition, however, the plaintiff raised a triable issue of fact. There was conflicting evidence as to how far the accident site was from where the defendant driver intended to make a left turn. Under the circumstances, triable issues of fact exist as to whether the defendant driver was properly using the two-way left-turn lane at the time of the accident and whether his alleged negligence was a proximate cause of the accident (*see* Vehicle and Traffic Law § 1126 [c]; *Dowling v Consolidated Carriers Corp.*, 65 NY2d 799 [1985]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.