Grier-Key v Lyons (2021 NY Slip Op 03827)





Grier-Key v Lyons


2021 NY Slip Op 03827


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-14422
 (Index No. 5560/16)

[*1]Georgette Grier-Key, respondent, 
v
Donna M. Lyons, et al., defendants, Sally A. Sartorio, appellant.


O'Connor O'Connor Hintz & Deveney, LLP, Melville, NY (Ira Goldstein of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Sally A. Sartorio appeals from an order of the Supreme Court, Suffolk County (Sanford Neil Berland, J.), dated October 3, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Sally A. Sartorio for summary judgment dismissing the complaint insofar as asserted against her is granted.
The defendant Sally A. Sartorio brought her vehicle to a stop at a traffic light that had changed from green to yellow. Soon thereafter, a vehicle operated by the plaintiff allegedly struck the rear of a vehicle which was stopped behind Sartorio's vehicle, causing this middle vehicle to move forward and strike Sartorio's vehicle. The plaintiff commenced this action against, among others, Sartorio. Sartorio moved for summary judgment dismissing the complaint insofar as asserted against her, contending that the accident was solely caused by the plaintiff, who failed to maintain a proper distance from the middle vehicle. The plaintiff opposed the motion. The Supreme Court denied the motion. Sartorio appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Arslan v Costello, 164 AD3d 1408, 1409 [internal quotation marks omitted]; see Edgerton v City of New York, 160 AD3d 809, 810). Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, "must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead" (Arslan v Costello, 164 AD3d at 1409-1410 [internal quotation marks omitted]; see Waide v ARI Fleet, LT, 143 AD3d 975, 976).
Here, Sartorio established her prima facie entitlement to judgment as a matter of law by demonstrating that she was not negligent in bringing her vehicle to a stop for a yellow traffic light and that the plaintiff was negligent in striking the rear of the middle vehicle, which in turn caused the middle vehicle to move forward and strike the rear of Sartorio's vehicle (see Catanzaro v Edery, 172 AD3d 995, 997; Tumminello v City of New York, 148 AD3d 1084, 1085; Hakakian v McCabe, 38 AD3d 493). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Sartorio was negligent.
Accordingly, the Supreme Court should have granted Sartorio's motion for summary judgment dismissing the complaint insofar as asserted against her.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court