Charles v Nicholson (2022 NY Slip Op 02108)





Charles v Nicholson


2022 NY Slip Op 02108


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-06355
 (Index No. 517260/16)

[*1]Guillory Charles, et al., respondents, 
v
Rodney Nicholson, appellant.


Michael E. Pressman, New York, NY (Stuart B. Cholewa of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated February 21, 2019. The order, insofar as appealed from, granted the plaintiffs' motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages for personal injuries arising out of a motor vehicle accident. The defendant appeals from so much of an order of the Supreme Court, dated February 21, 2019, as granted the plaintiffs' motion for summary judgment on the issue of liability.
The Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of liability. According to the evidence submitted by the plaintiffs, their vehicle was stopped at a red light in the left lane of traffic when the front left corner of the defendant's vehicle, which was traveling in the right lane of traffic, struck the right rear tire area of the plaintiffs' vehicle. This evidence was sufficient to establish a prima facie case of negligence on the part of the defendant (see Vehicle and Traffic Law § 1128[a]; Grier-Key v Lyons, 195 AD3d 798, 799). In opposition, the defendant failed to raise a triable issue of fact. The defendant submitted, inter alia, his own affidavit and a photograph of the damage to the plaintiffs' vehicle, both of which were entirely consistent with the evidence submitted by the plaintiffs regarding the circumstances of the accident. The defendant did not deny that the plaintiffs' vehicle was stopped within the left lane of traffic when the front driver side of the defendant's vehicle struck the right rear tire area of the plaintiffs' vehicle, and the defendant failed to provide a nonnegligent explanation for the collision.
Accordingly, we affirm the order insofar as appealed from.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court