Harding v Royal Waste Servs., Inc. (2022 NY Slip Op 05026)

Harding v Royal Waste Servs., Inc.

2022 NY Slip Op 05026

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2021-00679
 (Index No. 71005/20)

[*1]Evan Harding, appellant, 
v
Royal Waste Services, Inc., et al., respondents.

Hach & Rose, LLP (Harris J. Zakarin, P.C., Melville, NY, of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas P. Hurzeler of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 21, 2020. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
In December 2015, the plaintiff commenced this action against the defendants, Joseph Mannino and Royal Waste Services, Inc. (hereinafter Royal Waste), to recover damages for personal injuries which the plaintiff alleged he sustained as a result of a rear-end collision that occurred in March 2015. The plaintiff alleged that, on the date at issue, the vehicle that he was driving, which was stopped at a red light at the intersection of Queens Boulevard and 78th Avenue in Queens, was struck in the rear by a garbage truck driven by Mannino and owned by Royal Waste. The plaintiff subsequently moved for summary judgment on the issue of liability. In an order entered December 21, 2020, the Supreme Court denied the motion. The plaintiff appeals. We affirm.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Cruz v Valentine Packaging Corp., 167 AD3d 707, 708). A sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision (see Tutrani v County of Suffolk, 10 NY3d at 908; Chepel v Meyers, 306 AD2d 235, 237).
The plaintiff's motion for summary judgment on the issue of liability was properly denied, but on grounds other than those relied upon by the Supreme Court. In support of his motion for summary judgment, the plaintiff submitted, inter alia, transcripts of his deposition testimony and Mannino's deposition testimony. At his deposition, the plaintiff testified that his vehicle was stopped at a red traffic light when it was struck in the rear by the defendants' vehicle. However, according to Mannino's deposition testimony, on the date and time at issue, the traffic light was green when the plaintiff's vehicle suddenly and unexpectedly stopped short in the crosswalk of the intersection where the accident occurred, with no apparent explanation. The plaintiff's own submissions raised triable issues of fact regarding how the accident occurred, and whether Mannino [*2]had a nonnegligent explanation for the accident (see e.g. Cruz v Valentine Packaging Corp., 167 AD3d at 708-709; Fajardo v City of New York, 95 AD3d 820, 821). Thus, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability (see Cruz v Valentine Packaging Corp., 167 AD3d at 708-709; Stafford v Allied Bldg. Prods. Corp., 164 AD3d 1398, 1398-1399).
Since the plaintiff failed to meet his initial burden as the movant, the Supreme Court should have denied the plaintiff's motion on this ground, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court