Quinones v Grace Indus., LLC (2023 NY Slip Op 04328)

Quinones v Grace Indus., LLC

2023 NY Slip Op 04328

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2021-08662
 (Index No. 609079/21)

[*1]Christine Quinones, et al., appellants,
v
Grace Industries, LLC, respondent.

Gruenberg Kelly Della (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Andrew J. Fisher, and Nicholas Bruno], of counsel), for appellants.
La Salle, La Salle & Dwyer, P.C., Sea Cliff, NY (Sean P. Dwyer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated November 10, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 8, 2020, a vehicle operated by the plaintiff Christine Quinones (hereinafter the plaintiff driver) was struck in the rear by a vehicle operated by Dominic P. Dinonno and owned by his employer, the defendant Grace Industries, LLC. The plaintiff driver, and her husband suing derivatively, subsequently commenced this personal injury action against the defendant. Prior to discovery, the plaintiffs moved, inter alia, for summary judgment on the issue of liability. The Supreme Court, among other thiings, denied that branch of the plaintiffs' motion. The plaintiffs appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that
the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see McBride v City of New York, 208 AD3d 578, 579). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814). Thus, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Thompson v New York City Tr. Auth., 208 AD3d 815, 817; see Grier-Key v Lyons, 195 AD3d 798; Martin v County of Westchester, 194 AD3d 1036).
A sudden stop of the lead vehicle may constitute a nonnegligent explanation for a [*2]rear-end collision (see Despinos-Cadet v Stein, 209 AD3d 978, 980; Harding v Royal Waste Services, Inc., 208 AD3d 762, 763; Clements v Giatas, 178 AD3d 894, 894-895). But "vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Munoz v Agenus, Inc., 207 AD3d 643, 645 [internal quotation marks omitted]; see Quintanilla v Mark, 210 AD3d 713, 714; Xin Fang Xia v Saft, 177 AD3d 823, 826). "Further, evidence that the plaintiff's vehicle came to a sudden stop, standing alone, is insufficient to rebut the presumption of negligence of the operator of the rear vehicle" (Pollet v Charyn, 200 AD3d 728, 730-731).
Here, the plaintiffs established, prima facie, that the defendant was negligent when its vehicle struck the rear of the plaintiff's slowing vehicle (see Vehicle and Traffic Law § 1129[a]; Newman v Apollo Tech Iron Work Corp., 188 AD3d 902, 903). In support of their motion, the plaintiffs submitted an affidavit of the injured plaintiff and a certified police accident report that established that the injured plaintiff's vehicle was slowing with traffic when it was struck. However, in opposition, the defendant raised a triable issue of fact as to the existence of a nonnegligent explanation for the collision by submitting an affidavit of Dinonno (see Harding v Royal Waste Servs., Inc., 208 AD3d at 763; Quezada v Aquino, 38 AD3d 873, 874; Chepel v Meyers, 306 AD2d 235, 237). According to Dinonno, his vehicle was traveling at a reduced speed of 40 miles per hour, four car lengths behind the injured plaintiff's vehicle, when a third vehicle made a sudden lane change that caused the injured plaintiff's vehicle to suddenly and unexpectedly stop short on the parkway where the accident occurred.
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court