Yawagyentsang v Safeway Constr. Enters., LLC (2024 NY Slip Op 01580)

Yawagyentsang v Safeway Constr. Enters., LLC

2024 NY Slip Op 01580

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-03773
 (Index No. 720864/20)

[*1]Ngawang T. Yawagyentsang, appellant,
v Safeway Construction Enterprises, LLC, et al., respondents.

Wingate, Russotti, Shapiro, Moses & Halperin, LLP, New York, NY (David M. Schwarz and Eric Horn of counsel), for appellant.
Littman PLLC, Plainview, NY (Matthew I. Littman and Peter J. Morris of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sally E. Unger, J.), entered May 11, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence are granted.
On June 29, 2020, a vehicle operated by the defendant Nicholas Cestaro (hereinafter the defendant driver) and owned by the defendant Safeway Construction Enterprises, LLC, struck the rear of a vehicle allegedly operated by the plaintiff. The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained as a result of the accident. The plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. In an order entered May 11, 2022, the Supreme Court denied those branches of the motion. The plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Clements v Giatas, 178 AD3d 894, 894). "A sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision" (Quinones v Grace Indus., LLC, 219 AD3d 765, 766; see Despinos-Cadet v Stein, 209 AD3d 978, 980). "But 'vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows'" (Quinones v Grace Indus., LLC, 219 AD3d at 766, quoting Munoz v Agenus, Inc., 207 AD3d 643, 645 [internal quotation marks omitted]).
Here, in support of his motion, the plaintiff submitted his own affidavit that [*2]established, prima facie, that the defendant driver was negligent when he struck the rear of the plaintiff's stopped vehicle, and that the defendant driver's negligence was the sole proximate cause of the accident (see Clements v Giatas, 178 AD3d at 895; Ordonez v Lee, 177 AD3d 756, 757; Niyazov v Hunter EMS, Inc., 154 AD3d 954, 955). In opposition, the defendants failed to raise a triable issue of fact. The defendant driver's explanation for striking the plaintiff's vehicle in the rear, set forth in his affidavit in opposition to the plaintiff's motion, that the plaintiff's vehicle stopped abruptly at a yellow light in front of the intersection's thick white stop line, was insufficient to raise a triable issue of fact as to the defendant driver's negligence or whether the plaintiff's actions contributed to the happening of the accident (see Cheow v Cheng Lin Jin, 121 AD3d 1058; Hakakian v McCabe, 38 AD3d 493). Given that the defendant driver's negligence was the sole proximate cause of the accident, the identity of the driver of the plaintiff's vehicle is immaterial on the issue of the plaintiff's comparative negligence (see Zuleta v Quijada, 94 AD3d 876).
In light of the foregoing, we need not consider the plaintiff's remaining contention.
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
CONNOLLY, J.P., CHAMBERS, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court