| |
|---|
| **Darden v Jingyi Chai** |
| 2024 NY Slip Op 32369(U) |
| July 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 153403/2020 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                     PART                 **22M**

                                                *Justice*

-----------------------------------------------------------------------X    **INDEX NO.**        153403/2020

JOYCE DARDEN,

                                                                  **MOTION DATE**      04/01/2024

                                Plaintiff,

                                                                  **MOTION SEQ. NO.** _____ 001 _____

                        - v -

                                                                  **AMENDED**
JINGYI CHAI, JEWELL L. DARDEN                                     **DECISION + ORDER ON**
                                                                  **MOTION**
                                Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38

were read on this motion to/for              _____ JUDGMENT - SUMMARY _____ .

Upon the foregoing documents, the motion by Defendant Jewell Darden for summary judgment on liability in favor of Defendant Darden and against Plaintiff and Defendant Jing Chai and for dismissal of the Complaint and cross-claims against Defendant Darden is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of an August 14, 2017 accident between the vehicle owned and operated by Defendant Darden, within which Plaintiff was a passenger, and the vehicle owned and operated by Defendant Chai.

To grant summary judgment, it must be clear that no material or triable issues of fact are presented (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure...to do [so]" (*Zuckerman v New York*, 49 NY2d 557,

153403/2020  DARDEN, JOYCE vs. CHAI, JINGYI                              Page 1 of 5
Motion No. 001

1 of 5

[* 1]

560 [1980]). A defendant's motion for summary judgment opposed by a plaintiff must be decided on the version of the facts most favorable to the plaintiff (*Mullin v 100 Church LLC*, 12 AD3d 263, 264 [1st Dept 2004]).

In support of her motion, Defendant Darden relies on the examination before trial testimony of Plaintiff, Defendant Chai and Defendant Darden.

Plaintiff testified that she was a front seat passenger in her sister, Defendant Darden's vehicle, wearing her seatbelt, Plaintiff's daughter was a rear seat passenger, as they were driving, they were having a conversation, when suddenly a tire dropped in front of them, Defendant Darden slammed on her brakes, and Plaintiff heard and felt an impact to the rear of the vehicle.

Defendant Chai testified that he was driving his vehicle in the left most lane, saw the other vehicle without lights on, brake lights, or hazard lights illuminated, put his foot on the brake, he couldn't tell if the vehicle was moving or stopped, when he realized the vehicle was stopped, he pressed the brake but not before the front of his vehicle bumped the rear of the other vehicle. Chai further testified that before applying the brake he was traveling at thirty to thirty-five miles per hour and believes he was traveling at twenty-five miles per hour when he made impact with Darden's vehicle from the rear.

Defendant Darden testified that she was driving in the left lane when a truck in front of her slammed on its brakes, the spare tire from underneath the truck came loose, and fell into the road in front of Defendant Darden, she slammed on her brakes, she put her flashers on, put her car in park, the vehicle that lost the tire drove away, then about one minute later, she felt an impact to the rear of her vehicle.

In opposing Defendant Darden's motion for summary judgment, Defendant Chai fails to raise a triable issue of fact (*Callahan v Haji*, 189 AD3d 610 [1st Dept 2020]). Defendant Chai's opposition includes an uncertified police accident report however the uncertified police report is inadmissible (*Coleman v Maclas*, 61 AD3d 569 [1st Dept 2009]). Although the report is signed at

153403/2020  DARDEN, JOYCE vs. CHAI, JINGYI                              Page 2 of 5
Motion No. 001

[* 2]

the bottom by the reporting police officer, it is not certified as a business record, and Defendants do not submit an affidavit or other sworn evidence from someone with personal knowledge establishing the police report's authenticity or accuracy (*Fay v Vargas*, 67 AD3d 568 [1st Dept 2009]). Thus, the Court will not consider the uncertified police report.

Relying on his EBT, Defendant Chai contends that Defendant Darden failed to give adequate warning to other vehicles with brake lights or hazard lights and testified in his EBT that he did not know whether Defendant Darden's vehicle was stopped or moving. Defendant Chai also contends that a jury should be left to determine if Defendant Darden was faced with an emergency situation and whether she acted reasonably under the circumstances.

Plaintiff did not file written opposition to Defendant Darden's motion.

In reply, Defendant Darden contends that Defendant Chai's testimony that he did not observe brake lights or hazard lights on Defendant Darden's vehicle does not show an unreasonable action by Darden and that Darden was faced with an emergency situation. Defendant Darden further contends that it is undisputed that Defendant Darden's vehicle was stopped, and that Defendant Darden's vehicle was struck in the rear. "A rear-end collision with a stopped vehicle, or a vehicle slowing down, establishes a prima facie case of negligence on the part of the operator of the rear-ending vehicle, which may be rebutted if that driver can provide a non-negligent explanation for the accident" (*Baez-Pena v MM Truck & Body Repair, Inc.*, 151 AD3d 473, 476 [1st Dept 2017] [internal citations omitted]). In reply, Defendant Darden relies on Defendant Chai's EBT in which Defendant Chai testified that he observed Defendant Darden's vehicle before the accident.

The emergency doctrine applies only to circumstances where a driver is confronted by a sudden and unforeseen occurrence not of the driver's own making (*Rivera v NY City Tr. Auth.*, 77 NY2d 322 [1991]). The common-law emergency doctrine "recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation

153403/2020  DARDEN, JOYCE vs. CHAI, JINGYI
Motion No. 001

[* 3]

or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context, provided the actor has not created the emergency" (*Caristo v Sanzone*, 96 NY2d 172, 174 [2001]). The doctrine recognizes that a person confronted with such an emergency situation "cannot reasonably be held to the same accuracy of judgment or conduct as one who has had full opportunity to reflect even though it later appears that the actor made the wrong decision" (*Rivera* at 327). If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability (*Danielenko v Kinney Rent A Car, Inc.*, 57 NY2d 198, 204 [1982]). Here, Defendant Chai fails to provide a non-negligent explanation for the subject accident. Under these facts, it cannot be said that either defendant was faced with an emergency situation. The emergency doctrine is typically inapplicable to routine rear-end traffic accidents (*Johnson v Phillips*, 261 AD2d 269 [1st Dept 1999]). Whether a front motorist stops suddenly to allow the passage of an ambulance, another vehicle, or like here, a tire, an emergency is not present to rebut the inference of negligence of the driver of the rear vehicle (*DiPaola v Scherpich*, 239 AD2d 459 [2d Dept 1997]). A driver is expected to drive at a safe speed to maintain enough distance with other vehicles to avoid collisions with stopped vehicles and take into account road conditions (*Malone v Morillo*, 6 AD3d 324, 325 [1st Dept 2004] [internal citations omitted).

The Court finds that Defendant Darden is entitled to partial summary judgment on the issue of liability. Here, Defendant Chai was under a duty to maintain a safe distance between his vehicle and Defendant Darden's vehicle and failed to do so. Defendant Chai has also not provided a non-negligent explanation for impacting Defendant Darden's vehicle in the rear.

153403/2020 DARDEN, JOYCE vs. CHAI, JINGYI
Motion No. 001

Page 4 of 5

Thus, the motion by Defendant Jewell Darden for summary judgment on liability in favor of Defendant Darden and against Plaintiff and Defendant Jing Chai and for dismissal of the Complaint and cross-claims against Defendant Darden is granted. Accordingly, it is

**ORDERED** that the motion by Defendant Jewell Darden for summary judgment on liability in favor of Defendant Darden and against Plaintiff and Defendant Jing Chai and for dismissal of the Complaint and cross-claims against Defendant Darden is granted, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

**ORDERED** that the action is severed and continued against the remaining defendant; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that counsel for the moving party shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

**ORDERED** that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 7/10/2024 | | |
|---|---|---|
| **DATE** | | **JAMES G. CLYNES, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

153403/2020  DARDEN, JOYCE vs. CHAI, JINGYI
Motion No. 001

Page 5 of 5

5 of 5

[* 5]