Grecco v Altice USA, Inc. (2024 NY Slip Op 04250)

Grecco v Altice USA, Inc.

2024 NY Slip Op 04250

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-00223
 (Index No. 607551/21)

[*1]Dominic Grecco, appellant,
v
Altice USA, Inc., et al., respondents.

Rappaport, Glass, Levine & Zullo, LLP (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
William J. Fitzpatrick, Hauppauge, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated December 1, 2022. The order, insofar as appealed from, upon renewal, adhered to a determination in an order of the same court dated June 1, 2022, denying the plaintiff's prior motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense of comparative negligence.
ORDERED that the order dated December 1, 2022 is reversed insofar as appealed from, on the law, with costs, upon renewal, the order dated June 1, 20222, is vacated, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense of comparative negligence is granted.
In April 2012, the plaintiff commenced this action to recover damages for injuries he allegedly sustained when he was a passenger seated in the rear of a vehicle driven by nonparty Lisa S. Grecco that was struck in the rear by a vehicle owned by the defendant Altice USA, Inc., and operated by the defendant Philip M. Portanov. In their answer, the defendants asserted, inter alia, an affirmative defense of comparative negligence. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. By order June 1, 2022, the Supreme Court denied the plaintiff's motion. Thereafter, in an order dated December 1, 2022, the Supreme Court, inter alia, upon renewal, adhered to the determination denying the plaintiff's motion. The plaintiff appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Quinones v Grace Indus., LLC, 219 AD3d 765, 765-766, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). Thus, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Atkins v City of New York, 196 AD3d 622, 623; see Tutrani v County of Suffolk, 10 NY3d 906, 908). Under proper circumstances, "[a] sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision" (Quinones v Grace Indus., LLC, 219 AD3d at 766; see Harding v Royal Waste Servs., Inc., 208 AD3d 762, 763; Etingof v Metropolitan Laundry Mach. Sales, Inc., 134 AD3d 667, 667-668). Although "'[a] plaintiff is no longer required to show freedom from comparative fault to [*2]establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability'" (Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 813, quoting Xin Fang Xia v Saft, 177 AD3d 823, 825), "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Ali v Alam, 223 AD3d 642, 644).
Here, the Supreme Court, upon renewal, should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting evidence that Portanova was negligent in striking the rear of Grecco's vehicle after Grecco stopped in an intersection to yield to an ambulance displaying emergency lights (see Vehicle and Traffic Law § 1144[a]; Gavrilova v Stark, 129 AD3d 907, 908; DiPaola v Scherpich, 239 AD2d 459, 460). The plaintiff also established, prima facie, that he did not engage in any culpable conduct that contributed to the happening of the accident (see Yonghong Xia v Zhao Xian Zeng, 219 AD3d 914, 915-916; Ochoa v Townsend, 209 AD3d 867, 868).
In opposition, the defendants failed to raise a triable issue of fact as to Portanova's negligence or any culpable conduct on the part of the plaintiff (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the defendants' contention, Portanova's failure to see the ambulance until after he struck Grecco's vehicle does not provide a nonnegligent explanation for the accident (see Gavrilova v Stark, 129 AD3d at 908; DiPaola v Scherpich, 239 AD2d at 460; cf. Balanta v Guo Lin Wu, 220 AD3d 720, 720; Quinones v Grace Indus., LLC, 219 AD3d at 766; Harding v Royal Waste Servs., Inc., 208 AD3d at 763). Moreover, the right of the plaintiff, as an innocent passenger, to summary judgment on the issue of whether he was at fault in the happening of the accident "is not restricted by potential issues of comparative negligence" as between Grecco and Portanova (Yonghong Xia v Zhao Xian Zeng, 219 AD3d at 916; see Jung v Glover, 169 AD3d 782, 783).
IANNACCI, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court