| **Ortiz v Ramirez** |
|:---:|
| 2025 NY Slip Op 32313(U) |
| June 26, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 516682/2024 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 26th day of June 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

LEONARDO ORTIZ, JR.,

**DECISION & ORDER**
Index No.: 516682/2024

Plaintiff,

Calendar No.: 33

-against-

Motion Seq.: 001

ISAIAH A. RAMIREZ, CARDASH HOLDINGS CORP.,
CARDASH HOLDINGS I CORP and CARDASH, INC.,

Defendants.

*Recitation of the following papers as required by CPLR 2219(a):*

Papers
Numbered
Notice of Motion, Affirmation, Affidavits and Exhibits (NYSCEF 7-14)........1, 2
Affirmation and Exhibits in Opposition (NYSCEF 16-18)................................3
Reply Affirmation and Exhibits (NYSCEF 19)..............................................4

*Upon the foregoing papers, the decision and order of the Court is as follows:*

This is an action for personal injuries arising out of a motor vehicle accident on

2/24/2024. It is alleged that defendant violated Vehicle and Traffic Law § 1411.

Plaintiff has moved for summary judgment on the issue of liability and dismissing

defendants' third affirmative defenses of comparative negligence/culpable conduct on behalf of

plaintiff. Neither party has testified at a deposition. In support of the motion, plaintiff has

submitted an affidavit.

Plaintiff states in the affidavit that he was traveling with a green light on Cypress Hills

Street in Queens, New York. As he approached its intersection with Cypress Avenue, defendant

suddenly turned left in front of him causing the accident. In opposition, defendant has not

[* 1]

submitted an affidavit concerning the happening of this accident. Instead, defendant argues that since plaintiff was issued a summons for violating Vehicle and Traffic Law § 511, there are "issues of fact" [without more] (Operation while license or privilege is suspended or revoked; aggravated unlicensed operation.).

## Summary Judgment

When deciding a summary judgment motion, the Court's role is solely to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.*, 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court views the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]). Once plaintiff establishes a *prima facie* entitlement to summary judgment, "the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003] and *Alvarez v. Prospect Hospital*, 68 NY2d 324).

## Vehicle and Traffic § 1141

A violation of the Vehicle and Traffic Law constitutes negligence per se (*Siezeme v Levy*, 208 AD3d 809, 810 [2nd Dept 2022]). Pursuant to Vehicle and Traffic Law §1141, "[t]he operator of a vehicle intending to turn to the left within an intersection must yield the right-of-way to any oncoming vehicle that is within the intersection or so close to it as to constitute an

[* 2]

immediate hazard" (*Ming-Fai Jon v Wager*, 165 AD3d 1253, 1253-1254 [2d Dept 2018], *citing Attl v. Spetler*, 137 AD3d 1176, 1176 [2d Dept 2016]). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (*Attl v. Spetler*, 137 AD3d 1176).

Contrary to defendants' arguments, a pre-deposition motion for summary judgment may be granted upon submission of affidavits if plaintiff meets their *prima facie* burden that summary judgment is warranted. Once this burden is met, defendant must come forward with an affidavit or other admissible evidence to establish the existence of a triable issue of fact to defeat summary judgment. (*Quinones v Grace Indus., LLC*, 219 AD3d 765, 766 [2d Dept 2023]; *see also Yearwood v New York City Transit Authority*, 227 AD3d 843, 845 [2d Dept 2024]).

Here, plaintiff met his *prima facie* burden that defendant was negligent as a matter of law by violating Vehicle and Traffic Law § 1141 (*Ming-Fai Jon v Wager*, 165 AD3d 1253-1254; *Attl v. Spetler*, 137 AD3d 1176). In opposition, defendant failed "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank*, 100 NY2d 72, 81 [2003]).

## Vehicle and Traffic Law § 511

Defendant's reliance on Vehicle and Traffic Law § 511 to defeat summary judgment is without merit.

A plaintiff is precluded from recovering an award if he or she was "*injured in the course of knowingly and intentionally committing serious criminal acts*," *i.e.*, joyriding, resisting arrest, crossing train tracks while the safety gate was down, elevator surfing, or driving intoxicated at 100 mph (*Firmes v Chase Manhattan Automotive Fin. Corp.*, 50 AD3d 18, 26-27 [2d Dept 2008] [internal citations omitted]). "The absence [ ] of a driver's license relates only to the authority

[* 3]

for operation, and not to the manner thereof." This is a defense to be proven by defendant and where there is no evidence of serious criminal activity, a defendant is properly precluded from offering evidence that plaintiff lacked a license to operate a vehicle (*id.*).

The police report upon which defendants rely does not establish that plaintiff was engaging in "serious criminal acts" at the time of the accident. Defendant has failed to come forward with proof "serious criminal acts" in admissible form to defeat summary judgment (*Giuffrida v Citibank*, 100 NY2d 81).

The Court has considered the parties' remaining arguments and finds same to be without merit.

This constitutes the decision and order of the Court.

ENTER:

Hon. Anne J. Swern, J.S.C.
Dated: 6/26/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____

[* 4]