Toledo v Pascal (2025 NY Slip Op 05716)

Toledo v Pascal

2025 NY Slip Op 05716

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-03931
 (Index No. 518572/21)

[*1]Jorge Toledo, respondent, 
v
Raul Pascal, et al., appellants.

Pillinger Miller Tarallo, LLP, New York, NY (Steven H. Kaplan of counsel), for appellants.
Elefterakis, Elefterakis & Panek (Oliver R. Tobias and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated February 23, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging common-law negligence and dismissing the defendants' sixth and eighth affirmative defenses.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle he was driving was struck in the rear by a vehicle operated by the defendant Raul Pascal (hereinafter the defendant driver) and owned by the defendant Almeida Concrete Pumping and Equipment, Inc. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging common-law negligence and dismissing the defendants' sixth and eighth affirmative defenses, which alleged, respectively, that the plaintiff was the sole proximate cause of the accident and that he was comparatively negligent. In an order dated February 23, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The defendants appeal.
A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (see Vehicle and Traffic Law § 1129[a]; Grecco v Altice USA, Inc., 230 AD3d 655, 656; Ordonez v Lee, 177 AD3d 756, 757). Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Martin v Copado-Esquivel, 226 AD3d 668, 669; Yawagyentsang v Safeway Constr. Enters., LLC, 225 AD3d 827, 827). A sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision (see Quinones v Grace Indus., LLC, 219 AD3d 765, 766; Harding v Royal Waste Servs., Inc., 208 AD3d 762, 763), but vehicle stops that are foreseeable under the prevailing traffic conditions, even if sudden, must be anticipated by the driver who follows (see Yawagyentsang v Safeway Constr. Enters., LLC, 225 [*2]AD3d at 828; Mahmud v Feng Ouyang, 208 AD3d 861, 861-862).
Here, in support of his motion, the plaintiff submitted his own affidavit, which established, prima facie, that the defendant driver was negligent when his vehicle struck the rear of the plaintiff's vehicle, which was stopped at a red traffic light, and that the plaintiff was not comparatively negligent in the happening of the accident (see Yawagyentsang v Safeway Constr. Enters., LLC, 225 AD3d at 828; Mahmud v Feng Ouyang, 208 AD3d at 862; Newfeld v Midwood Ambulance & Oxygen Serv., Inc., 204 AD3d 813, 814; Grier-Key v Lyons, 195 AD3d 798, 799). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the defendant driver's claim that the plaintiff suddenly stopped as the light changed from yellow to red, after having partially entered the intersection, was insufficient to raise a triable issue of fact as to whether the defendants had a nonnegligent explanation for the accident or whether the plaintiff negligently contributed to the accident (see Yawagyentsang v Safeway Constr. Enters., LLC, 225 AD3d at 828; Mahmud v Feng Ouyang, 208 AD3d at 862; Parshina v Celestin, 146 AD3d 791, 792; Cheow v Cheng Ling Lin, 121 AD3d 1058, 1059).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the cause of action alleging common-law negligence and dismissing the defendants' sixth and eighth affirmative defenses.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court